UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY LEE McCLINTON,          Case No. 5:03-CV-131

    Petitioner,          Hon. Richard Alan Enslen

v.

PAUL RENICO,

         **OPINION**

    Respondent.
_____/

    This matter is before the Court on Petitioner Ricky Lee McClinton's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation ("Report") of September 22, 2006, which recommended denial of Petitioner's Petition for Writ of Habeas Corpus. This Court reviews the Report, Petitioner's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

    Petitioner was convicted by a jury of assault with intent to murder in violation of Mich. Comp. Laws § 750.83 and possession of a firearm in the commission of a felony in violation of Mich. Comp. Laws § 750.227b, in the Calhoun County Circuit Court. On December 7, 2000, Petitioner was sentenced as a third habitual offender to consecutive prison terms of 38 to 60 years for the assault with intent to murder conviction and two years for the felony-firearm conviction. Petitioner appealed his conviction to the Michigan Court of Appeals and argued the same seven issues as are raised in his application for habeas relief.[1] The Michigan Court of Appeals rejected all

---

[1] Petitioner's seven bases for constitutional error are: (1) he was denied his right to effective assistance of counsel and a fair trial when counsel failed to move for a mistrial because a police officer testified about meeting with Petitioner and his wife after a domestic assault call and volunteered information that he had been dispatched to their residence numerous times in the past; (2) he was denied his right to a fair trial when the trial court permitted a police witness to testify that Petitioner was the shooter; (3) he was denied his right to due process because of the

of Petitioner's arguments and affirmed his conviction on January 14, 2003. Petitioner sought leave to appeal to the Michigan Supreme Court on the same grounds, which was denied on July 28, 2003.

Petitioner raises five objections to the Report: (1) he was denied an evidentiary hearing; (2) his claim of actual innocence meets the required burden; (3) his trial counsel was constitutionally deficient; (4) he was denied due process as a result of an erroneous jury instruction; and (5) the cumulative effect of the errors in his case violated his federal due process rights.

Petitioner first contends the Magistrate Judge erred when she found, in her discretion, that an evidentiary hearing was unnecessary after a plenary review of the case, pursuant to Rule 8(a), RULES GOVERNING 2254 CASES IN THE DISTRICT COURT. *See Harries v. Bell*, 417 F.3d 631, 635 (6th Cir. 2005). The Court disagrees. The Report aptly addresses the discretionary nature of the decision and also recognizes the presumption of correctness that attaches to a state court findings under § 2254.[2] Therefore, this objection is denied.

---

cumulative effect of errors throughout his trial; (4) he was denied his right to effective assistance of counsel because counsel failed to move for a continuance to obtain an analysis of the blood found in the home; (5) he was denied his right to effective assistance of counsel when counsel failed to present a substantial defense and possible theory of his innocence; (6) he was denied his right to due process and effective assistance of counsel when the trial court allowed a jury instruction that permitted the jury to consider Petitioner's failure to testify; and (7) he was denied his right to due process and the effective assistance of trial counsel when an exculpatory witness was not called.

[2]Petitioner argues he is entitled to an evidentiary hearing as a matter of right pursuant to *Jones v. Wood*, 114 F.3d 1002, 1010 (9th Cir. 1997). However, the Court notes that this case predates the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). Petitioner's request for an evidentiary hearing is controlled by 28 U.S.C. § 2254(e)(2). *See Medina v. Hornung*, 106 Fed. App. 539, 543 (9th Cir. 2004) (finding that evidentiary hearings as a right, based on *Jones,* were no longer good law after the AEDPA was passed). Petitioner also has not explained why he is entitled to an evidentiary hearing under this standard, nor does the Court find any basis for such a hearing.

Petitioner also claims that the Report is in error because his freestanding innocence claim meets the "extraordinarily high" threshold the Supreme Court contemplated in *House v. Bell*, 126 S. Ct. 2064, 2087 (2006)*; see also Herrara v. Collins*, 506 U.S. 390 (1993); *Schlup v. Delo*, 513 U.S. 298 (1995). Again, the Court disagrees. The Supreme Court stated in *House* that such a claim would require more convincing proof of innocence than in *Schlup*. In this case the evidence of guilt is overwhelming; Petitioner's wife identified him as the shooter to the police officer upon his arrival (Tr. II, 54) and also later at the hospital (Tr. II, 139, 144), and a police officer testified Petitioner stated "I shot a motherfucker" when approached by police (Tr. II, 20-21).[3] Therefore, Petitioner does not meet the "extraordinarily high" threshold and his objection is without merit.

Petitioner further objects to the Report's finding that his right to effective assistance of counsel was not denied. Specifically, Petitioner renews his argument that his Sixth Amendment right to effective assistance of counsel was denied where defense counsel failed to call Tina Wyrick to the stand and defense counsel did not object when a jury instruction erroneously implied that the jury should consider the fact that Petitioner did not choose to testify on his own behalf.

In order to show ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced Petitioner so as to result in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[T]he court [] recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Further, Petitioner bears the burden of

---

[3]The Court recognizes that this is not the full extent of the incriminating evidence; however, it does find that these are some of the most compelling elements of the record. (*See* Report, 2-8) (full recitation of the facts presented at trial.)

overcoming the presumption that the challenged action might be considered sound trial strategy. *Id*. at 689 (citations omitted).

After review, the Court finds that the Michigan Court of Appeals did not unreasonably apply *Strickland* in considering if Petitioner's counsel rendered constitutionally deficient performance. First, in regards to Petitioner's defense counsel not calling Ms. Wyrick: the decision to call a witness to the stand is a matter of trial strategy and will only constitute ineffective assistance of counsel when it deprives a defendant of a substantial defense. *See Chegwidden v. Kapture*, 92 Fed. App. 309, 311 (6th Cir. 2004); *Hutchison v. Bell*, 303 F.3d 720, 749 (6th Cir. 2002). Petitioner has failed to show that the outcome of the trial would have been different, due to testimony by Wyrick. He has also failed to overcome the usual presumption that counsel exercised reasonable professional judgment in not calling Wyrick. Therefore, this objection is without merit.

Second, in regards to Petitioner's claim of ineffective assistance of counsel when defense counsel failed to object to an erroneous jury instruction: a jury instruction is not to be judged in isolation but must be considered in the context of the instruction as a whole, together with the trial record. *Hardaway v. Withrow*, 305 F.3d 558, 565 (6th Cir. 2002). Petitioner argues that "[w]hen the prosecutor makes reference to a defendant's constitutional right not to testify, even in light of overwhelming evidence against the defendant, the conviction must be reversed." (Pet.'s Mot. 5.) The Court disagrees. Three different times the judge or Petitioner's defense counsel made clear to the jury that Petitioner's choice not to testify on his own behalf was not to effect the verdict. Additionally, Petitioner has not demonstrated that the result of the trial would have been any different had his counsel objected or demanded a second instruction clarifying the erroneous first

instruction. In fact, a second instruction may have had the effect of calling undue attention to Petitioner's failure to testify. Therefore, this objection is also without merit.

Petitioner next argues the Magistrate Judge erred in finding that an erroneous jury instruction did not violate Petitioner's rights due to overwhelming evidence of guilt. In regards to his claim of a due process violation,[4] the correct inquiry is whether the jury instructions, taken as a whole, were so "infirm that they rendered the entire trial fundamentally unfair." *Hardaway*, 305 F.3d at 565 (citing *Scott v. Mitchell*, 209 F.3d 854, 882 (6th Cir. 2000)). Therefore, the erroneous jury instructions must have had a substantial and injurious effect or influence on the verdict when viewed in the context of the trial record. *Id.* Petitioner has failed to show his trial was fundamentally unfair where the jury was made aware three separate times during the course of the trial that Petitioner's decision not to testify was not to effect their consideration or the verdict. Also, Petitioner has not explained how the jury's improper consideration of his failure to testify impacted the verdict. For these reasons, Petitioner's objection is denied.

Finally, Petitioner objects to the Report's finding that the cumulative effect of the errors in his case violated his federal due process rights. Petitioner avers that there is a reasonable probability that but for defense counsel's errors, the result of the trial would have been different. However, as the Report accurately sets forth: the Supreme Court has not held that distinct constitutional claims

---

[4]The Court is unclear whether Petitioner is objecting to the Magistrate Judge's finding as to his due process claim or his claim that his Fifth Amendment right against compelled self-incrimination was violated. To the extent Petitioner is objecting to the Fifth Amendment claim, applicable to the States through the Fourteenth Amendment, the Court agrees with the earlier finding that in the face of the "overwhelming" evidence of Petitioner's guilt (Report, 2-8), there is no showing of an error that was harmful or that the erroneous jury instruction had a substantial effect or influence on the verdict. *See Penry v. Johnson*, 532 U.S. 782, 784 (2001).

can be cumulated to grant habeas relief. Therefore, the judgment of the Michigan Court of Appeals cannot be construed as contrary to any Supreme Court decision.

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall issue if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. Furthermore, the analysis of the sufficiency of the claims must be individually directed to the substance of the constitutional claims asserted. *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001).

Upon review, this Court finds that reasonable jurists would not find Petitioner's positions debatable with respect to the substantive grounds for denying relief as to all issues asserted. Accordingly, a certificate of appealability will be denied.

Therefore, for the reasons stated in the Report and this Opinion, the Court will deny Petitioner's Petition for Writ of Habeas Corpus. Furthermore, the Court denies a certificate of appealability.

A Final Order consistent with this Opinion shall issue.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
    November 16, 2006   RICHARD ALAN ENSLEN
            SENIOR UNITED STATES DISTRICT JUDGE